**8 Pages**

Gregory C. Nuti (SB 151754)
Christopher H. Hart (SB 184117)
Kevin W. Coleman (SB 168538)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: gnuti@nutihart.com
       chart@nutihart.com
       kcoleman@nutihart.com

Proposed Attorneys for Debtor,
MATHESON FLIGHT EXTENDERS, INC.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>                Debtor. | Case No: 22-21148<br><br>Chapter 11<br><br>**DCN: NH-3**<br><br>**MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES OF MATHESON FLIGHT EXTENDERS, INC. AND MATHESON POSTAL SERVICES, INC.**<br><br>*Motion to Shorten Time Pending*<br>Date:    May 9, 2022 **(requested)**<br>Time:    11:00 a.m.<br>Place:   Department C<br>            501 I Street, 6th Flr., Crtrm .C<br>            Sacramento, CA 95814<br>Judge:  Hon. Christopher M. Klein |

Matheson Flight Extenders, Inc. ("MFE" or "Debtor"), the above-captioned debtor and debtor in possession, hereby files this motion (the "Motion") for an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") administratively consolidating this chapter 11 case with the chapter 11 case of Matheson Postal Services, Inc., concurrently pending in

1  this Court ("MPS")[1]. The Debtor requests joint administration for procedural purposes only as set
2  forth below.
3　　　　This Motion is based on the Memorandum of Points and Authorities set forth herein, the
4  *Notice of Hearing on First Day Motions* ("Omnibus Notice"), the Declaration of Charles Mellor in
5  Support of First Day Motions (the "First Day Declaration") filed concurrently herewith and fully
6  incorporated herein by reference, the pleadings and papers on file herein, and upon such oral and
7  documentary evidence as may be presented at the hearing on the Motion. By a separate application,
8  Debtor has requested an order shortening time for notice and setting a hearing on this matter and the
9  other "first day" motions on an expedited basis.
10　　　　In support of the Motion, the Debtor respectfully represents the following:

## I.　JURISDICTION

12　　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This
13  matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant
14  to 28 U.S.C. §§ 1408 and 1409.
15　　　　The statutory bases for the relief requested herein Rule 1015(b) of the Federal Rules of
16  Bankruptcy Procedure (the "Bankruptcy Rules").

## II.　SUMMARY OF RELIEF SOUGHT

18　　　　By this Motion, MFE seeks to jointly administer and consolidate the MFE and MPS chapter
19  11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors seek to
20  combine the dockets for these cases, with the MFE case as lead, to combine notices to be given
21  creditors for each estate; and to jointly handle purely administrative matters, which may expedite the
22  cases and render the process less costly. The Debtors propose a modified caption to be used for the
23  jointly administered cases as set forth on **Exbibit A**. The Debtors specifically intend to keep
24  separate the claims docket for each case and file separate Monthly Operating Reports[2].

---

[1] MFE and MPS collectively, the "Debtors".
[2] Although, the Debtors will file the operating reports within the MFE main case docket.

-2-

MOTION FOR JOINT ADMINISTRATION

### III.　MOTION

#### A. Background

On May 6, 2022 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request has been made for the appointment of a trustee or an examiner in either case.  No official committee of unsecured creditors has been appointed by the Office of the United States Trustee.

#### B. Debtor's Business Operations

*Overview of Business Operations*

The Matheson family of companies are ultimately owned by trusts benefiting certain members of the Matheson family ("Matheson Trusts").  MFE is owned 100% by Joe Garret, Inc.  Joe Garret, Inc. is owned 100% by the Matheson Trusts.  Similarly, MPS is owned 100% by Matheson Trucking, Inc. ("MTI"), which, in turn, is owned 100% by the Matheson Trusts.

The Debtors provide extensive mail handling services under contracts with the United States Postal Service ("USPS" or the "Postal Service") and others.  The Debtors' relationship with USPS began in 1964 and at the time of this filing the Debtors' rank 11th out of the Top 100 USPS Suppliers nationwide for USPS in terms of revenue ($194,561,160.00).

MFE has been providing service to the USPS since December 1998.  Starting in 2019, MFE began providing terminal handling services at Terminal Handling Stations ("THS") for the USPS as part of the USPS's campaign to reduce costs by outsourcing components of its operations.  MFE presently operates 38 THS sites throughout the United States.  THSs are located at or adjacent to airports across the United States and act as interfaces between the USPS and FedEx, which is responsible for the transportation of the majority of mail transferred via air in the United States.  MFE employees pick up mail from FedEx aircraft and transport it to the THS site, where it is then sorted and placed into containers that are either returned to waiting aircraft or loaded onto trucks that transfer the mail over the road to other postal facilities.

The USPS utilizes thirteen (13) Service Transportation Centers across the nation. MFE operates six (6) of these facilities for the USPS located in: Atlanta, Georgia; Brandywine, Maryland; Chicopee, Massachusetts; Kansas City, Missouri; Long Beach, California; and Sacramento, California.

STCs receive all classes of mail (first-class, priority, parcels, etc.) from the USPS, which is then consolidated, distributed, and routed to their further destinations through a designated surface transportation network. STCs serve to increase the overall cost-efficiency of mail delivery by diverting volume from air to surface transportation, and by serving as concentration points for consolidating mail from under-utilized surface trips, while at the same time fulfilling the USPS's on-time delivery requirements. In short, STCs serve as essential hubs coordinating the efficient and accurate delivery of mail throughout the United States.

MFE leases the real property housing its STCs, and each building is approximately 300,000 to 450,000 square feet. MFE also leases the real property housing its THS facilities, which range in size from 15,000 to 150,000 square feet. The facilities are equipped *inter alia* with freight loading docks, state of the art high-speed sorting equipment, sophisticated scanning labelling and tracking devices, and conveyors that load and unload, sort, and route mail and freight. MFE's contracts with the USPS account for approximately eighty-four (84%) percent of its business.

STCs operate 24 hours per day, seven days a week. THSs generally operate daily and overnight 6 days a week. MFE's work force consists of approximately 2,480 full and part-time employees.

MPS provides extensive ground transportation services to USPS throughout the United States. It maintains terminals in multiple cities throughout the United States and utilizes a fleet of approximately 280 large tractor trailers to transfer mail and freight between distribution nodes. Given the USPS's on-time delivery requirements, MPS is required to operate virtually twenty-four (24) hours a day seven (7) days a week. MPS employs approximately 465 full time staff.

MPS's contracts with the USPS account for approximately ninety nine percent (99%) of its business.

MTI provides both MFE and MPS with back office administrative services from their shared offices in Sacramento. These services include accounting, human resource management, cash management, etc. MFE also sub-leases its THS and STC facilities from MTI. MTI has no independent operations outside providing administrative support to MFE and MPS and sub-leasing property to MFE.

MFE and MPS are co-borrowers along with MTI and other related entities and guarantors under various term loans, equipment facilities, and letters of credit issued by Bank of America, N.A. and Banc of America Leasing & Capital LLC (collectively, "BofA"). As of March 31, 2022, BofA was owed approximately $4.9 million under the term loans and equipment facilities. Three letters of credit in the combined principal amount of approximately $7.0 million have been issued to third party creditors. The creditor beneficiaries under the letters of credit have not drawn down any amounts to date. BofA asserts that its loans and other extensions of credit are secured by substantially all of MFE and MPS's assets, including cash and accounts receivable.

### C. Basis for Relief

The Bankruptcy Rules allow a court to order cases for affiliate debtors be jointly administered: "If a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. Pro. 1015(b). The Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2), and joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Accordingly, the Debtors submit that joint administration is appropriate and warranted for these cases.

Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases for affiliated debtors while protecting individual creditors' rights. *See* Advisory Committee Note to Rule 1015 (1983). Joint administration promotes procedural convenience and costs efficiencies. *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998). And it avoids filing identical documents multiple times. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). But joint administration is only warranted when no conflicts of interest among estates exists. *In re*

-5-

*H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). Also, joint administration should be distinguished from substantive consolidation, in which the assets and liabilities for two or more estates are combined. *See Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711 (N.D. Ill. 1985), aff'd, 796 F.2d 477 (7th Cir. 1986) (procedural consolidation is done merely as matter of convenience and cost saving and is not meant to create substantive rights).

The Debtors anticipate that numerous notices, applications, motions, orders, and other pleadings will be filed and served in these chapter 11 cases. These proceedings will affect creditors holding claims against both estates. The failure to jointly administer these cases would result in numerous duplicative pleadings being filed for various issues and served upon separate service lists. The Debtors estimate that their two estates could have a combined 4000[3] parties in interest. Duplicating substantially identical documents would be extremely wasteful and costly for the Debtors' estates.

The respective creditors' rights for both Debtors will not be adversely affected by these cases being jointly administered as the Debtors intend to keep separate claims dockets and are not seeking substantive consolidation. In fact, the rights for all creditors will be enhanced due to reduced costs, which will result from these cases being jointly administered. Joint administration also will protect interested parties by ensuring that such persons or entities are notified about all significant matters before the court in both cases.

Furthermore, the Court will avoid the burden of duplicate motions, enter duplicate orders, and maintain redundant files. Joint administration will permit the clerk for the court to use a single general docket for both cases and to combine notices to creditors for the Debtors' respective estates and to other parties-in-interest.

Finally, supervising the administrative aspects for these chapter 11 cases by the Office of the United States Trustee ("United States Trustee") will be simplified.

Accordingly, the Debtors believe that joint administration of their chapter 11 cases will benefit the creditors for each of the Debtors, the Court, the United States Trustee, and other parties-in-interest.

---

[3] The Debtors combined have over 3000 employees and approximately 500 trade creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

(1) Combining the dockets for the Chapter 11 cases of Matheson Flight Extenders, Inc. and Matheson Postal Services, Inc.;

(2) Designating Matheson Flight Extenders, Inc.'s case as the lead case;

(3) Approving the modified caption to be used for the jointly administered cases as set forth on **Exhibit A**;

(4) Providing combined notices may be given to creditors for each estate;

(5) Requiring separate claims docket to be maintained for each case;

(6) Requiring the Debtors to file separate Monthly Operating Reports; and

(7) For such other and further relief as the Court deems just and equitable.

Dated: May 5, 2022

                                       NUTI HART LLP

                                  By:  */s/ Christopher H. Hart*
                                           Christopher H. Hart
                                           Proposed Attorneys for Matheson Flight Extenders, Inc.

-7-

MOTION FOR JOINT ADMINISTRATION

**EXHIBIT A**

___ PAGES

Gregory C. Nuti (CSBN 151754)
Christopher H. Hart (CSBN 184117)
Kevin W. Coleman (CSBN 168538)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: gnuti@nutihart.com
chart@nutihart.com
kcoleman@nutihart.com

Proposed Attorneys for Matheson Flight Extenders, Inc. and Matheson Postal Services, Inc.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.: 22-21148 |
| MATHESON FLIGHT EXTENDERS, INC., | Chapter 11 |
| Debtor. | NH-__ |
| In re: | Case No.: 22- 21149 |
| MATHESON POSTAL SERVICES, INC. | Chapter 11 |
| Debtor. | NH-__ |
| | **MOTION FOR ORDER** |
| ☐ Affects Both Debtors<br>☐ Affects Matheson Flight Extenders Only<br>☐ Affects Matheson Postal Services Only | Date: May , 2022<br>Time: __:00 a.m.<br>Place: Department C<br>501 I Street, 6th Flr., Crtrm. 35<br>Sacramento, CA 95814<br>Judge: The Hon. Christopher Klein |

-8-

MOTION FOR JOINT ADMINISTRATION