**6 PAGES**
BRIAN BOYNTON
Principal Deputy Assistant Attorney General
PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
2500 Tulare Street, Suite 4401
Fresno, CA 93721
KIRK T. MANHARDT
RODNEY A. MORRIS
DOMINIQUE V. SINESI
LOUISA A. SOULARD
Civil Division
U. S. Department of Justice
P. O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 514-3368
Attorneys for United States of America

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>Debtor. | Case No. 22-21148<br><br>Chapter 11<br><br>**DCN: NH-75** |
| In re:<br><br>MATHESON POSTAL SERVICES, INC.,<br><br>Debtor. | Case No.: 22-21149<br><br>Chapter 11 |
| In re:<br><br>MATHESON TRUCKING INC.,<br><br>Debtor.<br><br>☐ Affects All Debtors<br>☒ Affects Matheson Flight Extenders<br>☐ Affects Matheson Postal Services | Case No.: 22-21758<br><br>Chapter 11<br><br>**THE UNITED STATES OF AMERICA'S RESPONSE TO DEBTORS' MOTION TO REJECT UNITED STATES POST OFFICE LONG BEACH CALIFORNIA SURFACE TRANSPORTATION CENTER CONTRACT**<br><br>**(Contract: 5CLOSV-21-B-0002)** |

1

| | |
|---|---|
| ☐ Affects Matheson Trucking | Date: November 1, 2023<br>Time: 11:00 a.m.<br>Place: Department C<br>      501 I Street, 6th Floor, Courtroom 35<br>      Sacramento, CA 95814<br>Judge: Hon. Christopher M. Klein |

The United States of America, on behalf of the United States Postal Service (the "USPS"), responds to Debtors' *Motion to Reject United States Post Office Long Beach California Surface Transportation Center Contract (Contract: 5CLOSV-21-B-0002)* [Dkt. No. 1243] ("Motion") to confirm the USPS's understanding on its access to remove USPS-owned equipment from the affected Surface Transportation Center ("STC") and to object to the Debtors' selective rejection of a portion of Contract: 5CLOSV-21-B-0002 (the "California Agreement") instead of the entire California Agreement. In support of this response, the United States asserts as follows:

**RESPONSE**

The Motion seeks to partially reject the California Agreement as of November 13, 2023, to permit Debtors to cease work at the STC located in Long Beach, California (the "Long Beach STC"). The California Agreement and its incorporated Statement of Work covers two STCs, the Long Beach STC and an STC located in Sacramento (the "Sacramento STC"), but there was only one solicitation (5C-21-A-0006) and one awarded contract (5CLOSV-21-B-0002). The California Agreement itself provides an integrated minimum and maximum value for the work performed at the two locations.

Based on the Motion, Debtor's application to employ real estate brokers [Dkt. No. 1237], and communications with Debtors, the USPS understands that Debtors intend to market any remaining lease terms for both the Long Beach STC facility and the Sacramento STC facility,

along with any Debtor-owned equipment at those locations. The Long Beach and Sacramento STC facilities also house USPS-owned equipment and infrastructure, including but not limited to printers, computer monitors, cameras, and cabling. The USPS will remove its property from the premises after Debtors cease mail sorting operations.

The California Agreement grants the USPS access to the Long Beach and the Sacramento STC facilities to install, maintain, and remove USPS-equipment.

A. <u>Long Beach STC</u>

In light of recent events, including the Court's ruling on October 5, 2023, authorizing the rejection of an STC contract for facilities located in Atlanta and the Capital Metro Region [Dkt. No. 1251], the USPS will not object to the rejection of the Long Beach STC as of November 13, 2023. Notwithstanding that the USPS anticipates that removing its equipment from STC facilities will take more than seventy-two (72) hours, Debtors have informed the USPS that they will only have 72 hours beginning the day after rejection to remove USPS property. At Debtors request, the USPS will begin removing its property from the Long Beach STC at 8:00 A.M. on Tuesday, November 14, 2023, and will endeavor to complete removal by 8:00 A.M. on Friday, November 17, 2023. If the USPS is unable remove all of its property by then, and Debtors will not extend the time for the USPS to remove USPS property, the USPS will seek Court assistance in gaining access to the Long Beach STC to complete property removal as it is entitled to under the California Contract. *See, e.g.*, *Mission Prod. Holdings, Inc. v. Tempnology,* LLC, 139 S. Ct. 1652, 1661 (2019) (concluding rejection of an executory contract results in a breach but leaves intact counterparty's rights under the agreement).

B. <u>Sacramento STC</u>

Debtors cannot reject only the Long Beach STC portion of the California Agreement; Debtors must reject the California Agreement in its entirety. Under the Bankruptcy Code, an executory contract or unexpired lease must be accepted or rejected in its entirety. *See, e.g.*, *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984); *In re Plitt Amusement Co. of Washington, Inc.*, 233 B.R. 837, 840 (Bankr. C.D. Cal. 1999) (stating trustee cannot retain the beneficial aspects of an executory contract or unexpired lease while rejecting its burdens); *see* 3 Collier on Bankruptcy ¶ 365.03 (16th 2023) ("An executory contract may not be assumed in part and rejected in part," but rather a debtor "must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.").

The California Agreement and its Statement of Work contravene Debtors' suggestion that the contract to provide services at the Long Beach STC is a separate contract from the contract to provide STC services at the Sacramento STC. As detailed in the California Agreement, the Long Beach and Sacramento STCs were subject to a single contract solicitation and award and have the same contract period. Most importantly, the California Agreement provides a single, integrated minimum and maximum value for the work performed at the two locations. However, because Debtors and the USPS have now agreed to stipulate to the rejection of the Sacramento STC portion of the California Agreement effective December 5, 2023, the USPS will forbear from further argument on the unsupported partial rejection. The USPS is now awaiting Debtors' draft stipulation and reserves its right to further address this issue should the parties' agreement on timing of closure of the Sacramento STC fail.

**CONCLUSION**

The USPS will commence removal of its property at the Long Beach STC at 8:00 a.m. on November 14, 2023, and will endeavor to complete removal by 8:00 a.m. on November 17, 2023. If the USPS is unable to complete removal by this time, and Debtors will not grant the USPS additional time to remove its property, the USPS will seek this Court's assistance to gain access to the Long Beach STC on an emergency basis. Should Debtors and the USPS's agreement to stipulate to the rejection of the Sacramento STC portion of the California Agreement effective December 5, 2023, fail for any reason, Debtors must be deemed to have rejected the entire contract, including the Sacramento portion thereof, for the reasons set forth herein, and, without limiting the generality of the foregoing, the USPS reserves its right to further address this issue should the parties' agreement on timing of closure of the Sacramento STC fail.

Dated: October 18, 2023               Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

/s/ Dominique V. Sinesi
KIRK T. MANHARDT
RODNEY A. MORRIS
DOMINIQUE V. SINESI
LOUISA A. SOULARD
Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 514-3368
dominique.sinesi@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

    On October 18, 2023, I, Dominique V. Sinesi, caused a copy of the foregoing Response to Debtors' Motion to Reject United States Post Office Long Beach California Surface Transportation Center Contract (Contract: 5CLOSV-21-B-0002) to be served electronically through the Court's ECF system upon those who have entered an appearance in this proceeding.

                                        /s/ Dominique V. Sinesi
                                        DOMINIQUE V. SINESI
                                        Commercial Litigation Branch
                                        Civil Division
                                        United States Department of Justice